Tr. Ct. No. 13-CR-43268                    WR-83,662-01
83,662-01

AFFIRMATIVE OBJECTION AND FINDING OF FACTS TO
STATES ANSWER ON WRIT OF HABEAS CORPUS

# I.
## FINDING OF FACTS


RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

THE COURT OF CRIMINAL APPEALS CONCLUDES THESE MATTERS BY A FINDING OF FACTS;

(1). IT IS A FACT THAT OFFICER J.JONES TESTIFIES THAT HE PULLED APPLICANT OVER FOR NOT STOPPING BEHIND THE STOP SIGN, BUT IT IS ALSO A FACT THAT OFFICER J.JONES WAIKS UP TO APPLICANT IN THE VEHICLE AND STATES, "I PULLED YOU OVER BECAUSE YOU DIDN'T HAVE YOUR SEAT-BELT ON WHEN YOU PASSED ME." ONCE APPLICANT SHOWS THAT SEATBELT WAS IN USE ONLY THEN DOES OFFICER J.JONES PROCEED TO SAY "WELL YOU DIDN'T STOP BEHIND THE STOP SIGN BACK THERE." THIS IS CLEARLY AUDIBLE AND VISIBLE ON DASH CAM VIDEO.

(2). IT IS A FACT THAT OFFICER J.JONES TESTIFIES THAT APPLICANT HAD LAPTOP OPEN IN PASSENGERS SEAT, AFTER OFFICER J.JONES INFORMS APPLICANT THAT TEXAS STATE LAW DOESN'T ALLOW THIS, OFFICER J.JONES TESTIFIES APPLICANT, "REACHED TOWARDS BACK PACK AND HE CLOSED HIS SCREEN AND HE HAD HIS HAND REMAIN TOWARDS THE TOP OF BACK PACK." IT IS ALSO A FACT THAT WHEN OFFICER INFORMS APPLICANT OF STATE LAW AGAINST SCREENS IN FRONT SEAT APPLICANT CLOSES LAPTOP AND IMMEDIATELY PUTS HAND BACK ON STEERING WHEEL. BEING THAT APPLICANT WAS DRIVING A SMALL PASSENGER CAR (1994 TOYOTA CORROLLA) AND CCP.D OFFICERS WERE DRIVING A SUV (CHEVROLET TAHOE) DASH CAM CAN SEE DIRECTLY DOWN INTO BACK WIND SHEILD OF VEHICLE APPLICANT WAS DRIVING MAKING THIS CLEARLY VISIBLE AND AUDIBLE.

(3). IT IS A FACT THAT OFFICER J.JONES TESTIFIES THAT HE Placed PLACED APPLICANT INTO HANDCUFFS AFTER HE REMOVED him FROM THE VEHICLE AND HE STATES AND I QOUTE FROM P10 L10 OF R.R. "A.

1

FROM THE MOMENT I HAD SMELLED THE MARIJUANA EMITTING FROM THE VEHICLE, THE MARIJUANA, YOU KNOW, ODOR SMELLED AND IT CAME FROM HIS -- FROM HIS PERSON. SO AS I WAS STANDING NEAR MY UNIT I COULD STILL SMELL THE ODOR OF THE MARIJUANA SO I BELIEVED WITH -- FROM THE SMALL SIZE OF THE MARIJUANA OR THE SIZE OF THE SOFT OBJECT I WAS FEELING IN THE PLASTIC WRAPPER THAT IT NORMALLY CONTAINS YOU KNOW THE SUBSTANCE THAT I BELIEVED THAT THAT WAS MARIJUANA INSIDE HIS POCKET." IT IS ALSO A FACT THAT WHEN OFFICER J. JONES REMOVED APPLICANT FROM VEHICLE OFFICER PLACED APPLICANT INTO HAND CUFFS ASKS APPLICANT DOES HE HAVE ANY WEAPONS AND CAN HE CHECK? APPLICANT NEVER ANSWERS BUT OFFICER BEGINS TO PAT DOWN APPLICANT AND <u>SQUEEZES</u> APPLICANTS POCKET, BUT IT IS A FACT THAT THIS SEARCH TOOK PLACE ON APPLICANTS VEHICLE AND NOT NEAR POLICE CRUISER AND THIS IS CLEARLY VISIBLE AND AUDIBLE ON DASH CAM VIDEO.

(A) APPLICANT SPEAKS ON THESE THREE FACTS BECAUSE THEY ARE THE MOST CRUCIAL. IN THE FIRST FACT OFFICER GOES FOR A HIT OR MISS TRAFFIC STOP. STATES HE PULLED APPLICANT OVER FOR ONE VIOLATION IS FOUND WRONG THEN GOES TO ANOTHER VIOLATION INSTEAD BUT NEVER BRINGS UP OTHER VIOLATION IN COURT. IF OFFICERS MAY DO SUCH A STOP APPLICANT APOLOGIZES FOR THE LACK OF KNOWLEDGE BUT STILL IT WAS A TRAFFIC STOP, ITS CLEARLY AUDIBLE AT ONE POINT APPLICANT TELLS OFFICER "I HAVE MY LICENSE, REGISTRATION, AND INSURANCE WHATS THE PROBLEM."

(B) IN THE 2ND FACT OFFICERS ONLY REASON FOR PULLING APPLICANT FROM VEHICLE WAS BECAUSE APPLICANT HAD SUPPOSEDLY LET HAND REMAIN NEAR BACKPACK WHICH OFFICER JAYS' MADE HIM NERVOUS, BUT OTHERWISE IS SHOWN IN DASH CAM VIDEO.

(C) IN THE THIRD FACT OFFICER J. JONES MAKES SURE TO POINT OUT THAT HE OFFICER COULD STILL SMELL THE ODOR AS HE ESCORTS APPLICANT TO POLICE CRUISER AND ONCE AT CRUISER BECAUSE HE STILL SMELLS ODOR WHEN HE PERFORMS TERRY FRISK, OBJECT HE FEELS HE BELIEVES IS MARIJUANA BECAUSE HE OFFICER STILL SMELLED ODOR AS HE WALKED APPLICANT TO CRUISER, BUT AS IT CLEARLY SHOWS IN DASH CAM VIDEO

2

APPLICANT WAS SEARCHED AND NEVER WAS WALKED TOWARDS POLICE CRUISER UNTIL AFTER THE INITIAL SEARCH, OFFICER LIES TO JUSTIFY SEARCH.

(4) APPLICANT UNDERSTANDS AFTER A FEW MONTHS, 4 TO BE EXACT. OFFICERS' MEMORY MAY NEED TO BE REFRESHED TO WHAT WENT ON BUT IN EX. A INCIDENT/INVESTIGATION REPORT WHICH WAS MADE RIGHT AFTER INCIDENT OFFICER STILL MAKES STATEMENT QOUTE "I REMOVED OF1 WARE FROM THE VEHICLE AND DETAINED HIM PENDING FURTHER INVESTIGATION. I ADVISED OF1 WARE I COULD SMELL THE ODOR OF WHAT I SUSPECTED TO BE MARIJUANA ASKING HIM IF HE HAD ANY DRUGS IN THE VEHICLE. OF1 WARE STATED "IM HAVING PROBLEMS WITH MY WIFE AND STUFF." AS I ESCORTED OF1 WARE TOWARD MY UNIT I COULD STILL SMELL THE DISTINCT ODOR OF FRESH MARIJUANA WHICH SEEMED TO BE EMITTING FROM HIS PERSON AND I PLACED HIM AGAINST MY UNIT AND ASKED IF HE HAD ANY WEAPONS ON HIS PERSON AND IF I COULD CHECK." THIS IS WHATS SAID IN EXHIBIT A. AS YOU CAN SEE CLEARLY IN DASH CAM OFFICER NEVER ASKED APPLICANT ABOUT MARIJUANA ONCE OUT OF VEHICLE HE DOESNT WALK APPLICANT TOWARD UNIT UNTIL AFTER INITIAL PAT-DOWN WHERE OFFICER IS HEARD FIRST SAYING "DO YOU HAVE ANY WEAPONS CAN I CHECK." NOT ONLY DOES OFFICER GAVE FALSE ACCOUNT DURING HIS TESTIMONY BUT ALSO IN HIS POLICE REPORT, WHICH SHOWS IN BOTH DOCUMENTATION AND VERBALLY HIS INTENTIONS WHER TO DECIEVE THE COURTS. THIS IS PERJURY BY SEC. 37.03. AGGRAVATED PERJURY

(a) A PERSON COMMITS AN OFFENSE IF HE COMMITS PERJURY AS DEFINED BY IN SEC. 37.02, AND THE FALSE STATEMENT: (1) IS MADE DURING "DURING OR IN CONNECTION WITH AN OFFICIAL PROCEEDING; AND

(2) IS MATERIAL

(b) AN OFFENSE UNDER THIS SECTION IS A FELONY OF THE THIRD DEGREE.

OFFICERS TESTIMONY WAS FABRICATED TO PUT APPLICANT IN BETTER POSITION TO BE PROSECUTED. COUNSEL AND APPLICANT REVIEWED DASH CAM VIDEO AND COUNSEL MADE STATEMENTS REFERING TO ISSUES IRRELEVENT TO APPLICANTS APPREHENSION. IF THE ABOUE SAID FACTS WOULD HAVE BEEN BROUGHT UP IN A MOTION OR A PROCEEDING BEFOR SIGNING OR EVEN AT SIGNING OUTCOME WOULD HAVE BEEN DIFFERENT IN APPLICANTS BEHALF. IF THERS PROOF OF AN OFFICER COMMITTING PERJURY OTHER THEN APPLICANTS SAYING AS IN (HARDY V. STATE 246 S.W. 3d 290) AND ATTORNEY

3

KNOWS THIS BUT DOES NOTHING IN THE MATTER AND ALLOWS APPLICANT TO GO FOR AN OPEN PLEA. WHEN COUNSEL SEEN STATEMENTS BY OFFICER J. JONES DURING EXAMING TRIAL WERE IN FACT FALSE, COUNSEL COULD HAVE FILED FOR A MOTION TO QUASH ~~EVIDENCE~~ IN INDICTMENT ON GROUNDS OF PERJURY. THIS WOULD HAVE NOT ONLY CHANGED OUTCOME BUT IT WOULD'VE ALSO CHALLENGED THE EVIDENCE AND CAUSED FOR A MOTION TO SUPPRESS. COUNSELS LACK TO MOVE ON THIS RENDERED COUNSEL INEFFECTIVE.

(A) APPLICANT ONLY SIGNED PAPERS AND WAIVERS ONCE COUNSEL TOLD APPLICANT HE WAS GOING TO PRISON EITHER WAY IT WENT. APPLICANT AND ATTORNEY HAD A CONVERSATION BEFOR THE SIGNING OF ANY PAPERS WHER APPLICANT TELLS ATTORNEY "IN THE BEGINING YOU TOLD ME YOU COULD BEAT THIS NOW YOUR TELLING ME IM GOING TO PRISON EITHER WAY," ATTORNEY REPLIES, "THAT WAS BEFORE I KNEW EVERYTHING THAT WENT ON." APPLICANT MAY NOT BE ABLE TO PROVE THE CONVERSATIONS THAT TOOK PLACE BETWEEN HE AND ATTORNEY, BUT WHAT APPLICANT CAN PROVE IS IF APPLICANT HAS SHOWN HIS ATTORNEY WHICH WAS HIS COUNSEL APPOINTED BY THE COURT THAT A CCPD OFFICER NOT ONLY LIED TO CAUSE MORE PREJUDICE TOWARDS APPLICANT BUT ALSO LIED DURING HIS SWORN TESTIMONY IN A COURT OF LAW AND COUNSEL TELLS APPLICANT ITS BETTER TO GO FOR AN OPEN PLEA BECAUSE THE JUDGE SHE MAY BE MORE LENIENT THEN THE D.A. WHO'S OFFERING 15 YEARS, OF COURSE APPLICANTS GOING TO GO FOR AN OPEN PLEA. AS FOR THE CONFESSION GOES THE JUDGE AND THE D.A. ASKED APPLICANT MULTIPLE QUESTIONS, IF APPLICANT DOESNT ANSWER THE D.A. HE MAY DO EXACTLY WHAT HE DID WHICH, WAS ATTEMPT TO GIVE MORE TIME TO APPLICANT. IF APPLICANT DOESNT ANSWER THE JUDGES QUESTIONS SHE MAY NOT WANT TO BE LENIENT AFTER ALL, FEELING AS IF APPLICANT IS BEING UNCOOPERATIVE AND DECIDE TO GO WITH D.A. AND GIVE APPLICANT A GREATER AMOUNT OF TIME. IT IS AT THIS POINT APPLICANT IS IN FEAR OF THE JUDICIAL SYSTEM, IT IS AT THIS POINT WHER APPLICANT WAIVES THIS RIGHT OR THAT RIGHT OR SIGNS SAYING HE UNDERSTANDS THIS OR THAT, BECAUSE AT THIS POINT APPLICANT UNDERSTANDS COURT APPOINTED COUNSEL ISNT GOING TO DO ANYTHING TO HELP APPLICANT NOT GO TO PRISON.

4

(B) AN ADEQUATE DEFENSE WAS NEVER DISCUSSED BETWEEN APPLICANT AND COUNSEL. COUNSEL ONLY STRESSED WHAT AMOUNT OF TIME THE D.A. WAS OFFERING AND HOW MUCH TIME APPLICANT WAS WILLING TO TAKE, EVEN AFTER BEING SHOWED THE DISCREPENCIES OF THE OFFICERS TESTIMONY.

(C). THESE ARE NOT UTTERLY TRIVIAL FALSIFICATIONS; IT IS CLEAR IN EACH FACT OFFICER J. JONES LIES IN ORDER TO JUSTIFY HIS ACTIONS DURING AN UNJUST ARREST. "WHEN THE PROSECUTION KNOWINGLY USES PERJURED TESTIMONY, THE CONVICTION IS REVERSED IF THERE IS ANY REASONABLE LIKELIHOOD THAT ~~THE~~ THE FALSE TESTIMONY COULD HAVE AFFECTED THE JUDGMENT OF THE JURY. (UNITED STATES V. AGURS, 427 U.S. 97, 103) IN THIS CASE THE TESTIMONY AFFECTED THE JUDGE AND D.A. WHEREAS THEY WERE PRESENT AND TESTIMONY WAS USED AS EVIDENCE AGAINST APPLICANT. IF BROUGHT UP BY APPLICANTS' COURT APPOINTED COUNSEL OUTCOME WOULD HAVE OBVIOUSLY BEEN DIFFERENT AS STATED IN ABOVE CITED CASE.

5

## II.

### CLOSING ARGUEMENT
### AND PRAYER

(1) APPLICANT IS A UNITED STATES CITIZEN NEVER HAVING BEEN FORMALLY TRAINED IN LAW BUT RESPECTFULLY ASK THE COURT OF OF CRIMINAL APPEALS TO REVIEW DASH CAM VIDEO AS STATE SAYS APPLICANT LACKS MERIT OTHER THEN SWORN ALLEGATIONS. ON PG LTO PG PAGE 6 LINE 20 OF STATES ANSWER THE COURT STILL HAS DASH CAM VIDEO WATCHED AND SEEN STOP SIGN VIOLATION BUT DOES'NT ANSWER ANY OF THE ABOVE STATED FACTS, AS SEEN IN VIDEO, AND STATED IN APPLICANTS WRIT. APPLICANTS ALLEGATIONS ARE MORE THEN SWORN THEIR ON VIDEO. (2) FOR THE ABOVE SAID REASONS APPLICANT RESPECTFULLY ASK THE COURT TO LOOK AT FACTS AND GRANT REQUEST FOR HABEAS RELIEF.

RESPECTFULLY SUBMITTED,

P. Ware

PRENTICE WARE
TDCJ.# 1944505
PRO-SE

6

## CERTIFICATE of SERVICE

I HEREBY CERTIFY THAT ON THE 12TH DAY OF AUGUST, 2015 A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING AFFIRMATIVE OBJECTION AND FINDING OF FACTS FOR TR.CT. NO. 13-CR-4326-B, WR-83,662-01 WAS MAILED TO COURT OF CRIMINAL APPEALS OF TEXAS, P.O. BOX 12308, CAPITAL STATION, AUSTIN, TEXAS 78711

P. Ware

## UNSWORN DECLARATION BY INMATE

I, PRENTICE WARE TDCJ NO 1944505 BEING PRESENTLY INCARCERATED IN THE LOPEZ STATE JAIL UNIT OF THE TEXAS DEPT. OF CRIMINAL JUSTICE INSTITUTIONAL DIV. IN HIDALGO COUNTY TEXAS. VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS THE 12TH DAY OF AUGUST, 2015.

P. Ware
APPLICANT
TDCJ# 1944505